**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50404 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00654-GT-1 |
| v. | |
| MARCOS CHAVEZ-REYES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted October 23, 2015**
Pasadena, California

Before: PREGERSON and TROTT, Circuit Judges and STAFFORD,*** Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William H. Stafford, Jr., Senior District Judge for the
U.S. District Court for the Northern District of Florida, sitting by designation.

Chavez-Reyes pleaded guilty to attempted reentry of a removed alien, in violation of 8 U.S.C. §1326(a) and (b). However, he had been mistakenly told by his attorney before his plea that his sentencing exposure was only 27 to 33 months. The attorney was unaware of the seriousness of his client's criminal record. Because of that record, Chavez-Reyes's exposure without a plea agreement would have been 100-125 months. The PSR calculated his advisory guidelines range with a plea agreement to be 63-73 months.

Chavez-Reyes, now with a new attorney, tried to withdraw his plea. He claimed ineffective representation by his first attorney in that he had been negligently misadvised about the sentence he would be facing if he pleaded guilty. Before sentencing, the district court denied his motion to withdraw his plea. He was sentenced to 70 months in custody and three years of supervised release.

## The Law

Fed. R. Crim. P. 11(d)(2)(B) permits a defendant before sentencing to withdraw a plea of guilty if "the defendant can show a fair and just reason for requesting the withdrawal." The burden is on him to establish such a reason, and we review a district court's denial of such a motion for an abuse of discretion. In the case of alleged erroneous or inadequate legal advice, the defendant must demonstrate that proper advice "'could have at least plausibly motivated a

-2-

reasonable person in [the defendant's] position not to have plead guilty had he known about [the erroneous advice] prior to pleading.'" United States v. Mayweather, 634 F.3d 498, 504 (9th Cir. 2010) (quoting United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir. 2005) (first alteration in original)).

**Discussion**

Chavez-Reyes has been deported or removed from the United States on seven occasions. While he was here illegally, he amassed an extensive adult criminal record including robbery, multiple second-degree burglaries, petty theft, loitering, possession of burglary tools, carrying a concealed firearm in a vehicle, stealing a car, receiving stolen property, possession for sale of heroin and cocaine, and immigration fraud.

The plea agreement he signed rebuts his claim.

1.     He was advised that the statutory maximum was 20 years.

2.     He acknowledged that "the sentencing judge may impose the maximum sentence provided by the statute."

3.     He acknowledged that "any estimate of the probable sentence by defense counsel is a prediction, not a promise."

4.     The agreement indicated that the government's recommendation was not binding on the court; that the sentence was "within the sole discretion of the

sentencing judge"; and that if the judge did not follow the sentencing recommendation of the parties, he did not have a right to withdraw his plea.

He said he understood everything the court had explained. Moreover, he admitted every element of the crime, stipulated to the factual basis supporting it, and his attorney said he had no meritorious defense.

In a thoughtful order, the district court concluded that Chavez-Reyes had not demonstrated a fair and just reason why he must be allowed to withdraw his plea. We agree. The plea agreement his attorney negotiated was demonstrably favorable. As the district court pointed out, Chavez-Reyes substantially benefitted from it. He received "-3 for acceptance of responsibility and a -2 for fast track." With these negotiated benefits, his range was 63-78 months. Without them, his range would have been 100-125 months. Even if he had of known that the range was greater than his lawyer predicted, it is not remotely plausible that he would not have taken the deal, especially when he had no defense. To refuse the deal would have almost doubled his exposure. Why he wants to return to district court and begin the process again without a plea agreement is a mystery. Thus, his ineffective assistance of counsel claim has no merit.

AFFIRMED.